1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES E. BAKER, JR.,

11              Petitioner,                    No. CIV S-06-0307 GEB DAD P

12        vs.

13   DAVID L. RUNNELS, et al.,                 <u>ORDER AND</u>

14              Respondents.                   <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondents' motion to dismiss the

18   petition on the grounds that it contains one unexhausted claim and another claim that is not

19   cognizable.

20                                   PROCEDURAL HISTORY

21              On January 31, 2003, petitioner was found guilty of assault with a deadly weapon

22   (Cal. Penal Code § 245(a)(1)), battery with serious bodily injury (Cal. Penal Code § 243(d)),

23   infliction of corporal injury on a cohabitant (Cal. Penal Code § 273.5(a)), and making criminal

24   threats (Cal. Penal Code § 422).  For each of the offenses, with the exception of the making

25   criminal threats charge, the jury also found that petitioner had inflicted great bodily injury upon

26   the victim under circumstances involving domestic violence (Cal. Penal Code § 12022.7(e)).

                                              1

(Mot. to Dismiss (MTD) at 2.)  The trial court found that petitioner had a prior serious felony

conviction (Cal. Penal Code § 667(a)) and had suffered four strikes under California's Three

Strikes law (Cal. Penal Code §§ 667(b)-(i), 1170.12).  (Id.)  Petitioner's motion to strike his prior

convictions was denied and he was sentenced to an aggregate prison term of 36 years to life.

(Id.)

On March 28, 2003, petitioner filed a notice of appeal.  (Pet., Ex. A-A at 3.)  On

December 28, 2004, the California Court of Appeal for the Third Appellate District affirmed the

judgment of conviction.  (MTD at 2.)

On February 4, 2005, petitioner filed a petition for review with the California

Supreme Court.  (Id.)  The petition was summarily denied on March 16, 2005.  (Pet., Ex. B.)

On February 13, 2006, petitioner filed his habeas petition with this court.

Therein, he presents the following claims:  (1) the trial court failed to instruct the jury on self-

defense in violation of petitioner's right to due process; (2) his trial counsel was ineffective for

failing to request a self-defense instruction; (3) the trial court abused its discretion when it denied

the defense motion to strike his prior convictions; and (4) prosecution witnesses Shantillia

Tucker and Yvonne Moore committed perjury.

ANALYSIS

I.  Claim Four and the Exhaustion Requirement

In the pending motion to dismiss respondents first contend that petitioner has

failed to exhaust his state court remedies as to his fourth claim in which he argues that

prosecution witnesses committed perjury at his trial.  Petitioner does not dispute this assertion.

Rather, petitioner simply asserts, without citation to authority or further explanation, that the

court has the "power to review claim four."  (Opp'n at 2.)  In the alternative, petitioner states that

if the court disagrees with his conclusion, "it should stay and abeyance his claims, that way

petitioner can return to the state court to exhaust and properly present his claims.  (Opp'n at 3.)

/////

2

1    The exhaustion of state court remedies is a prerequisite to the granting of a

2  petition for writ of habeas corpus.  See 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the

3  exhaustion requirement by fairly presenting to the highest state court all claims before presenting

4  them to the federal court.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard

5  v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996);

6  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

7    The court has reviewed the petition and the exhibits thereto, including the

8  petition for review filed with the California Supreme Court on petitioner's behalf, and concludes

9  that petitioner's fourth claim was never presented to the California Supreme Court and is

10  unexhausted.   As noted above, however, in his opposition to the motion to dismiss petitioner has

11  suggested his claims be subject to "stay and abeyance."  The U.S. Supreme Court has affirmed

12  the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present

13  unexhausted claims to the state court where there is good cause for the petitioner's failure to

14  exhaust all claims in state court before filing a federal habeas petition.  See Rhines v. Weber, 544

15  U.S. 269, 277 (2005); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing

16  district courts to stay fully exhausted federal petitions pending exhaustion of other claims);

17  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998).  This

18  discretion to issue a stay extends to mixed petitions.  Jackson v. Roe, 425 F.3d 654, 660 (9th Cir.

19  2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a

20  petitioner time to return to state court to present unexhausted claims.").  The Court cautioned,

21  however, that "stay and abeyance should be available only in limited circumstances," and

22  "district courts should place reasonable time limits on a petitioner's trip to state court and back."

23  Id. at 277-78.  The Court noted that district courts should not grant a stay if the petitioner has

24  engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly

25  meritless.  Id. at 278.

26  /////

1   Petitioner has provided no argument in support of his suggestion that his claims

2   be subject to stay and abeyance.  As a result, the court is unable to determine whether petitioner

3   has good cause for failing to exhaust all claims before filing this action, whether petitioner's

4   unexhausted claim is potentially meritorious, and whether petitioner has acted with diligence.

5   See Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (failure

6   to make a showing of diligence in pursuing additional claims may foreclose a stay).  For these

7   reasons, petitioner's request for stay and abeyance will be denied without prejudice to his filing

8   of a proper and fully supported motion for a stay and abeyance.

9   Petitioner will be granted thirty days to file such a motion if he wishes to pursue

10   that course.  The motion submitted for filing must include a proof of service showing that a copy

11   of the motion was served on respondents' counsel.  The motion must: (1) show good cause for

12   petitioner's failure to exhaust all claims prior to filing this action; (2) demonstrate that his

13   unexhausted claim is potentially meritorious; (3) describe the status of state court proceedings on

14   the unexhausted claim; and (4) demonstrate that petitioner has acted with diligence in pursuing

15   this claim.

16   In light of this order, respondents' motion to dismiss the petition for including an

17   unexhausted claim will be denied as moot.

18   II. Claim Three and Federal Question Requirement

19   Respondents next argue that petitioner's third claim concerning the trial court's

20   refusal to strike his prior convictions at the time of sentencing, fails to present a cognizable

21   federal habeas claim because it rests entirely on state law grounds.  (MTD at 3.)  Petitioner does

22   not address this argument in his opposition to the pending motion to dismiss.

23   In his petition, petitioner describes this claim as follows:  "The defense filed a

24   motion to strike the prior[.]  The court abused its discretion when it falled [sic] to grand [sic] the

25   motion and strikes the 20 year priors and sentence appellant under the two strikes provision of

26   the three strikes law."  (Pet. at 6.)  In support of this claim, petitioner cites merely to Exhibit C to

4

his petition, a copy of the decision in People v. Burgos, 117 Cal. App. 4th 1209 ( 2004).  In the cited case the state appellate court determined that the trial court had abused its discretion in failing to strike one of two prior convictions that arose from a single criminal act.  Id. at 1216. The determination by the court in Burgos was based solely on an interpretation of California law as reflected in state statutes and state court decisions interpreting those state sentencing statutes.

The court concludes that petitioner's claim is solely one that the sentencing court abused its discretion under state law in refusing to strike his prior convictions and that no federal due process claim is presented.  The claim presented is not cognizable under § 2254 since habeas corpus relief is not available to correct allege errors in the state court's application or interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67, (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 ((9th Cir. 1985); see also Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (the determination of whether a prior conviction qualifies for a sentence enhancement under California law is not a cognizable federal claim).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Respondents' October 30, 2006 motion to dismiss the petition as containing an unexhausted claim, is denied as moot;

2.  Petitioner is granted thirty days to file and serve a proper motion for stay and abeyance; the motion must make the showing described in this order and must include a proof of service showing the date on which a true and exact copy of the motion was placed in the mail to respondents' counsel;

3.  Respondents' opposition or statement of non-opposition to petitioner's motion shall be filed and served within twenty days after petitioner's motion is placed in the mail to respondents' counsel;

4.  Petitioner's reply to any opposition, if any, shall be filed and served within twenty days after the opposition is served.

1    Also, IT IS HEREBY RECOMMENDED that respondents' October 30, 2006

2  motion to dismiss petitioner's third claim challenging the trial court's failure to strike his prior

3  convictions at the time of sentencing, be granted.

4    These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6  days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9  shall be served and filed within ten days after service of the objections.  The parties are advised

10 that failure to file objections within the specified time may waive the right to appeal the District

11 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12 DATED: June 6, 2007.

13

14    _____

15    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

16 DAD:4
   bake0307.mtd

17

18

19

20

21

22

23

24

25

26