1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES E. BAKER, JR.,

11              Petitioner,              No. CIV S-06-0307 GEB DAD P

12        vs.

13   DAVID L. RUNNELS, et al.,

14              Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On June 6, 2007, the court directed petitioner to file a

18   motion for a stay and abeyance with respect to the unexhausted fourth claim of his petition

19   concerning alleged perjury by prosecution witnesses.  The court informed petitioner that in

20   moving for stay and abeyance he must show good cause for failing to exhaust all claims in state

21   court before filing this action, that his unexhausted claim is potentially meritorious, and that he

22   has acted with diligence.  On August 1, 2007, petitioner was granted an extension of time to file

23   his motion.  On August 17, 2007, petitioner filed a document styled, "Declaration In Support of a

24   Motion for Stay and Abeyance."  Therein, petitioner requests a stay and abeyance and asserts

25   only, "I believe that my claim is potentially meritorious, because the un-exhausted claim raise

26   /////

1

1    [sic] was a violation of my six amendment right under the United State constitution and is

2    sufficient to merit relief[.]"  (Decl. at 2.)

3            Petitioner has failed to adequately address the issues that were specified in the

4    court's June 6, 2007 order.  As noted in the order of June 6, 2007, the Supreme Court has

5    cautioned that "stay and abeyance should be available only in limited circumstances," and

6    "district courts should place reasonable time limits on a petitioner's trip to state court and back."

7    Rhines v. Weber, 544 U.S. 269, 277-78 (2005).  The Court noted that district courts should not

8    grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the

9    unexhausted claims are plainly meritless.  Id. at 278.  Here, petitioner's declaration makes no

10   showing that his unexhausted claim has merit, that good cause exists for his failure to exhaust the

11   claim in state court before filing this action or that he has acted with diligence. Therefore, the

12   court will recommend that petitioner's request for a stay and abeyance be denied and that

13   respondents be ordered to file their answer addressing only petitioner's first and second claims

14   which have been exhausted.

15           Accordingly, IT IS HEREBY RECOMMENDED that:

16           1.  Petitioner's August 17, 2007 request for a stay and abeyance be denied; and

17           2.  Respondents be ordered to file their answer to the first and second claims from

18   petitioner's petition for a writ of habeas corpus filed on February 13, 2006.

19           These findings and recommendations are submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

21   days after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24   shall be served and filed within ten days after service of the objections.  The parties are advised

25   /////

26   /////

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: October 11, 2007.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:4
    bak0307.157sty

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26