UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. BAKER, JR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TERRI GONZALEZ,[1] et al.,<br><br>　　　　　Respondent. | No.  2:06-cv-00307-RCT<br><br><br><br><br><br>**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY** |

　　　　Charles E. Baker, Jr., a state prisoner proceeding pro se, filed a notice of appeal on January 22, 2009 with regard to the December 17, 2008 judgment denying and dismissing his petition for writ of habeas corpus.  Baker's petition raised four claims:  1) improper jury instruction; 2) ineffective assistance of counsel; 3) improper failure to strike prior convictions; and 4) witness perjury.  Claims 1 and 2 were denied on December 17, 2008.  Claim 3 was dismissed on September 12, 2007.  Claim 4 was dismissed on December 17, 2008.  Before Baker's appeal can proceed, a certificate of appealability must issue.  28 U.S.C. §

---

　　　　[1]Terri Gonzalez is substituted for her predecessor, John Marshall, as the warden where the petitioner is incarcerated, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

2253(c); Fed. R. App. P. 22(b).

## DISCUSSION

A certificate of appealability may be granted only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  To meet this standard, a petitioner must demonstrate that an issue is "debatable among jurists of reason," could be resolved differently by a different court, or is "adequate to deserve encouragement to proceed further."  *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

Baker fails to make the required showing for any of his habeas claims.  As to his first claim, the Court held that the state trial court's failure to sua sponte issue two jury instructions related to self-defense was harmless because of the inclusion of fifteen other related jury instructions that adequately addressed the defendant's theory of the case.  Given "well-established" Supreme Court precedent holding that the impact of a jury instruction (or lack thereof) must be evaluated in the context of other jury instructions and not in isolation, *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *see Henderson v. Kibbe*, 431 U.S. 145, 155 (1977), the Court's holding is not reasonably debatable.

Baker's second habeas claim is that his counsel's failure to propose the two jury instructions that the trial court omitted constituted ineffective assistance of

counsel. The Court also denied this claim, concluding that even if Baker could show that his counsel's performance was deficient, he could not show prejudice as required by *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Given that, as described above, the Court's determination that the omission of the jury instructions was harmless error is not reasonably debatable, the issue of prejudice under *Strickland* is likewise not debatable.

Baker's third habeas claim, improper failure of the state trial court to strike one of his prior convictions under California's Three Strikes law, was dismissed by the Court because it rested entirely on state law grounds and did not present a federal constitutional question. Given established Supreme Court precedent that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law issues," *Estelle*, 502 U.S. at 67-68, the Court's resolution of this issue is not reasonably debatable.

Baker's fourth habeas claim, witness perjury, was dismissed by the Court because Baker failed to exhaust it by fairly presenting it to the California Supreme Court on direct appeal. An unexhausted claim is barred from federal habeas review. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The Court also held that Baker failed to show good cause in his motion for stay and abeyance to return to state court, in which he stated only that "I believe that my claim is potentially meritorious, because the un-exhausted claim . . . was a

violation of my Six[th] Amendment right under the United State[s] Constitution and is sufficient to merit relief." The Supreme Court has noted that a stay and abeyance should only be granted "in limited circumstances" and not when a claim is "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Because Baker made no showing that his unexhausted fourth claim had any potential merit, the district court's decision to deny the motion for stay and abeyance and dismiss this claim is not reasonably debatable.

Baker has failed to make a substantial showing of a denial of a constitutional right with regard to any of the four issues raised in his petition for writ of habeas corpus.

Accordingly, IT IS HEREBY ORDERED that Baker's request for certificate of appealability be DENIED as to all issues presented.

DATED this 4th day of October, 2010, at Seattle, Washington.

_Richard C. Tallman_
RICHARD C. TALLMAN
United States Circuit Judge
Sitting by designation